IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMPLOYERS AND OPERATING ENGINEERS LOCAL 520 PENSION FUND, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> A & A HAULING, INC., *an Illinois Corporation*, <br><br> Defendant. | Case No. 14-cv-1238-SMY-PMF |

**ORDER**

This matter comes before the Court on Defendant A & A Hauling's Motion to Set Aside (Doc. 14) wherein Defendant requests this Court vacate the Clerk's Entry of Default on February 12, 2015 (Doc. 11).

Defendant was properly served and did not file a responsive pleading by the December 22, 2014 due date. After the Court ordered Plaintiffs to show cause on January 28, 2015, (Doc. 6) Plaintiffs moved for Entry of Default (Doc. 7) and Default Judgment (Doc. 8). The Clerk of Court entered default against Defendant on February 12.

On February 23, counsel for Defendant, Thomas G. Maag, entered his appearance, filed Defendant's Answer (Doc. 13) and moved to set aside the Clerk's Entry of Default. Counsel explained that he had spoken with Plaintiff's counsel before the end of 2014 concerning possible resolution, but failed to file an answer because of an oversight due to the holidays and "an extremely busy schedule."

Federal Rule of Civil Procedure 55(c) allows the Court to set aside an entry of default for good cause. In order to set aside an entry of default under Rule 55(c), the moving party must

demonstrate good cause for the default, quick action to correct it, and a meritorious defense to the complaint. *Employers and Operating Engineers Local 520 Pension Fund v. Green Trac, LLC*, 2014 WL 3747019 (S.D. Ill., July 30, 2014), citing *U.S. v. DiMucci*, 879 F.2d 1488, 1495 (7th Cir. 1989). The test is identical as to motions under both Rule 55(c) and Rule 60 (b), however the application is more limited and stringent under Rule 60(b). *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994). The Seventh Circuit has a well-established policy favoring adjudication on the merits over default. *Passarella v. Hilton Intern. Co.*, 810 F.2d 674, 675 (7th Cir. 1987).

Defendant here has demonstrated quick action to correct the default by contemporaneously filing an answer with the instant motion. Defendant has also provided a meritorious defense. While Defendant's weak showing of cause would not likely pass muster if the motion sought to vacate under Rule 60(b), the hurdle under Rule 55(c) is less stringent. Considering the Defendant's belief that the parties were working to resolve Plaintiff's claims, the Court GRANTS Defendant's Motion to Vacate Entry of Default and DIRECTS the Clerk of Court to VACATE its Entry of Default at Doc. 11. Accordingly, Plaintiffs' Motion for Default at Doc. 8 is DENIED as MOOT.

**IT IS SO ORDERED.**

**DATE: March 4, 2015**                              **/s/   Staci M. Yandle**
                                                      **STACI M. YANDLE**
                                                      **DISTRICT JUDGE**